IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mr. Leroy Luckett, | ) | C/A No. 0:13-2115-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Ms. S. Bracey Simon, Lee Correctional | ) | |
| Postal/Mailroom Staff; Associate Warden J.J. | ) | |
| Brooks, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Leroy Luckett ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint, which requests injunctive relief for alleged violations of Plaintiff's constitutional rights, names SCDC employees as defendants (collectively, "Defendants"). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

I.    **Factual and Procedural Background**

Plaintiff claims that, while incarcerated at Lee Correctional Institution ("LCI"), he belatedly received this court's Report and Recommendation in his habeas corpus case, (C/A No. 0:09-1101-CMC, "Luckett I"), because he was being held on suicide watch at LCI's security management unit. (ECF No. 1 at 3.) He timely prepared a motion for an extension of time to file objections and placed

it with the mailroom official, Defendant Simon, on June 28, 2010.  Plaintiff was thereafter sent to the Gilliam Psychiatric Hospital ("GPH") for mental health treatment after a suicide attempt.  (Id. at 4.)  While at GPH, Plaintiff received the court's judgment in Luckett I granting the respondent's summary judgment motion and dismissing his petition for a writ of habeas corpus with prejudice after receiving no objection from Luckett.  Although Plaintiff sought to have the judgment modified or reversed, his attempts were fruitless.

Upon his return to LCI, Plaintiff's June 28, 2010 motion was returned to him on September 14, 2010, having never been mailed.  Plaintiff completed a Request to Staff directed to the warden regarding this incident, which the warden referred to Defendant Brooks, the mailroom supervisor.  (Id. at 5.)  Defendant Brooks responded to Luckett's Request to Staff, stating that Luckett's letter was returned because it was not sealed.  (Id.)  Plaintiff claims violation of his rights to due process, access to the courts, obstruction of mail, negligence, denial of redress, and failure to adequately supervise.  Plaintiff claims that he has also suffered emotional distress and anguish due to Defendants' actions.  As a remedy, he seeks to have his petition for a writ of habeas corpus reinstated, and for his conviction and sentence to be reversed, vacated, or set aside.

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);



Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal,

556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of

Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se*

pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999),

construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775

F.2d 1274, 1278 (4th Cir. 1985).

### B.    Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of

substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'"  Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S.

137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate

violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United

States."  Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff

must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged violation was committed by a person acting under the

color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Although Plaintiff filed this case as a civil rights action under § 1983, the relief he

seeks—essentially, release from imprisonment—is not available through § 1983.  A civil rights

action is the proper method to challenge "the conditions of [an inmate's] prison life, but not [ ] the



fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Heck v.

Humphrey, 512 U.S. 477 (1994) (release from prison is not a remedy available under 42 U.S.C.

§ 1983). Rather, Plaintiff's exclusive federal remedy to obtain release from custody is to file a

petition for a writ of habeas corpus under 28 U.S.C. § 2254, after full exhaustion of his state

remedies. See Heck, 512 U.S. at 481 (holding that "habeas corpus is the exclusive remedy for a state

prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier

release") (citing Preiser v. Rodriguez, 411 U.S. at 488-90). Moreover, Defendants would not be

proper parties in such an action, as a prisoner's custodian is the proper respondent in a habeas corpus

action. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004).

> Further, as explained in Civil Action Number 0:10-3172-CMC-PJG, ("Luckett II"),[2]
>
> Petitioner previously filed a § 2254 petition in this Court on April 27, 2009, challenging [his] state court convictions and sentences. See Luckette v. Bodison, No. 0:09-1101-CMC-PJG (D.S.C. 2009). In that case, Respondent's motion for summary judgment was granted and Petitioner's § 2254 petition was dismissed with prejudice by this Court, as being untimely. The Court also denied Petitioner a certificate of appealability (Luckette v. Bodison, No. 0:09-1101-CMC-PJG, (D.S.C. July 19, 2010), ECF No. 43), and denied Petitioner's _pro se_ motion for "Modification of Opinion and Order" (Luckette v. Bodison, No. 0:09-1101-CMC-PJG, (D.S.C. July 19, 2010), ECF No. 48).

Luckett II, 2011 WL 824494, *1 (D.S.C. Feb. 17, 2011) (footnote omitted) (adopted in Order, 2011

WL 837791 (D.S.C. Mar. 7, 2011)). The court therefore summarily dismissed Luckett's petition in

Luckett II and declined to issue a certificate of appealability. Id. Thus, Plaintiff has already filed

two habeas corpus petitions in this court—one of which was dismissed as untimely, the other of

which was dismissed as successive. As the court stated in Luckett II, before Plaintiff can file another

---

[2] This Court may take judicial notice of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (district court clearly had the right to take notice of its own files).



petition for a writ of habeas corpus in this court, he must seek and obtain leave to do so (i.e., written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3).  See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.") (citing 28 U.S.C. § 2244(b)(3)) .

## RECOMMENDATION

The relief Plaintiff seeks is not available through this § 1983 action.  Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 26, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).