IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mr. Leroy Luckett, | ) | C/A NO. 0:13-2115-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Ms. S. Bracey Simon, Lee Correctional Postal/Mailroom Staff; | ) ) | |
| Associate Warden J.J. Brooks, Jr., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 26, 2013, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice and without issuance and service of process. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After receiving two extensions of time, Plaintiff filed timely objections to the Report on November 6, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to Plaintiff's objections to the Report, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. However, the court determines that Plaintiff should be given an opportunity to amend his complaint as addressed below.

Plaintiff's objections are conclusory and repetitive reassertions of the factual allegations contained in the complaint and his belief that he is entitled to relief. At the end of his fifty-eight (58) pages of objections, Plaintiff indicates that together with an order vacating his state court conviction, Plaintiff seeks compensatory and punitive damages for the alleged violations of his constitutional rights. *See* Obj. at 56-57 (ECF No. 20). Plaintiff did not include this requested relief in his complaint, nor has he amended his complaint or sought leave to do so.

A civil rights action under § 1983 is the appropriate vehicle to challenge the conditions of confinement, but not the fact or length of the confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973). Additionally, "a state prisoner's label for his claim cannot be controlling . . . ." *Harvey v. Horan*, 278 F.3d 370, 378 (4th Cir. 2002). In order for a state prisoner to challenge the fact or duration of his confinement (which Plaintiff <u>clearly</u> does), a state prisoner must seek federal habeas corpus relief or the appropriate state relief instead. *Wilkerson v. Dotson*, 544 U.S. 74, 78 (2005). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate

the invalidity of confinement or its duration." *Id*. at 81-83. *Cf. Preiser*, *supra*, 411 U.S. at 487 (habeas relief is available "to attack future confinement and obtain future releases.").

As noted by the Magistrate Judge, the substance of Plaintiff's "complaint" is that his conviction is not sound and that the court should give him a "do-over" on the dismissal of his previous petition under 28 U.S.C. § 2254[1] based upon Defendants' alleged denial of his right of access to the court. However, while Plaintiff clearly seeks an order vacating his state court convictions, he now asserts that he seeks monetary damages, something he did not include in his original complaint.

Accordingly, Plaintiff shall have until **Wednesday, November 27, 2013**, to submit an amended complaint to this court which includes all the relief he seeks. If Plaintiff submits an amended complaint, an evaluation of his allegations and requested relief will be conducted. Failure to submit an amended complaint by the date above will result in the dismissal of this matter without further notification.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
November 13, 2013

---

[1] *See Luckette v. Bodison*, D.S.C. Civil Action No. 0:09-1101-CMC-PJG.

3