IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Leroy Luckett,            ) | C/A No. 0:13-2115-CMC-PJG |
| )  | |
| Plaintiff,    ) | |
| ) | |
| v.                                   ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Ms. S. Bracey Simon, Lee Correctional  ) | |
| Postal/Mailroom Staff; Associate Warden JJ  ) | |
| Brooks, Jr.,                       ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

The plaintiff, Mr. Leroy Luckett, a self-represented state prisoner, filed this civil rights action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion to dismiss filed by the defendants. (ECF No. 52.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Luckett of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 53.) Luckett filed a response in opposition to the motion. (ECF No. 55.) Additionally, Luckett filed a motion for leave to file documents without notarization. (ECF No. 65.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion to dismiss should be granted in part and denied in part, and Luckett's motion to file unnotarized documents should be terminated as moot.[1]

---

[1] Luckett's motion appears to seek leave to file a motion with no notary's signature. The court observes that not all court filings require notarization. Luckett's attention is further directed to 28 U.S.C. § 1746 (providing the method to file unsworn declarations under penalty of perjury).



**BACKGROUND**

The Amended Complaint alleges that, in June of 2010, the defendants violated Luckett's right to due process under the Fifth and Fourteenth Amendments and denied Luckett court access in violation of the First Amendment. (ECF No. 23 at 4-5.) Luckett's allegations stem from Defendant Simon's alleged failure to mail a motion prepared by Luckett seeking an extension of time to object to a Report and Recommendation issued by this court in a prior case.[2] (Id. at 5.) Luckett alleges that Defendant Brooks failed to train or supervise Defendant Simon and failed to "try to right the wrongs and constitutional violations caused by Ms. Simon's unreasonable actions." (Id. at 6.) The Amended Complaint seeks injunctive relief and monetary damages. (Id. at 8-13.) In the Amended Complaint, Luckett indicates that he wishes to "void" the Complaint's request to vacate his state court convictions. (Id. at 9-10.)

**DISCUSSION**

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter,

---

[2] The previous case referenced by the Amended Complaint is Luckette v. Bodison, C/A No. 0:09-1101-CMC-PJG, 2010 WL 2853901 (D.S.C. July 19, 2010) (incorporating and adopting Report and Recommendation granting summary judgment to the respondent in a habeas action). The court may take judicial notice of the content of its own files. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").



accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint)).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the

PJG

plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Defendants' Motion**

The defendants assert that Luckett's claims in the Amended Complaint are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which held that a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. To the extent Luckett's Amended Complaint may be construed as challenging his state court conviction or sentence, the court agrees that such claims are barred by Heck's favorable termination requirement because Luckett does not allege or show that the conviction and sentence have been invalidated. Therefore, the defendants' motion should be granted as to any claims in the Amended Complaint which question the validity of Luckett's conviction or implicate the duration of his sentence.

However, Luckett's response in opposition to the defendants' motion argues that the Amended Complaint does not seek to challenge his conviction or sentence and instead seeks redress for a violation of his constitutional rights associated with the defendants' purported failure to mail legal documents to this court. (ECF No. 55 at 10-11.) A ruling in Luckett's favor regarding his legal



mail claims would not implicate the validity of Luckett's conviction or entitle him to earlier release. Thus, the court finds the holding in <u>Heck</u> inapplicable to these allegations and the defendants' motion should be denied as to Luckett's due process and court access claims.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion to dismiss (ECF No. 52) be granted in part and denied in part. It is further recommended that Luckett's motion to file unnotarized documents (ECF No. 65) be terminated as moot.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).