IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Leroy Luckett, | ) C/A No. 0:13-2115-CMC-PJG |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Ms. S. Bracey Simon, *Lee Correctional Postal/Mailroom Staff*; Associate Warden JJ Brooks, Jr., | ) |
| Defendants. | ) |

The plaintiff, Mr. Leroy Luckett, a self-represented state prisoner, filed this civil rights action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 91.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Luckett of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 93.) Luckett filed a response in opposition to the motion. (ECF No. 105.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion for summary judgment should be granted.

**BACKGROUND**

In his Amended Complaint, Luckett alleges that, in June of 2010, the defendants violated his right to due process under the Fifth and Fourteenth Amendments and denied Luckett court access in violation of the First Amendment. (ECF No. 23 at 4-5.) Luckett's allegations stem from Defendant Simon's alleged failure to mail a motion prepared by Luckett seeking an extension of time

to object to a Report and Recommendation issued by this court in his prior case.[1] (Id. at 5.) Luckett also alleges that Defendant Brooks failed to train or supervise Defendant Simon and failed to adequately respond to Luckett's requests to staff with regard to this incident. (Id. at 6.)

In Luckett's prior case, the assigned magistrate judge recommended that the respondent's motion for summary judgment be granted and that Luckett's federal petition for a writ of habeas corpus be denied as untimely filed under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). Luckette v. Bodison, C/A No. 0:09-1101-CMC-PJG, 2010 WL 2853901 (D.S.C. July 19, 2010), ECF No. 39. The Honorable Cameron McGowan Currie, United States District Judge, adopted the report and recommendation by order issued July 19, 2010, denied a certificate of appealability, and noted that Luckett had not filed objections to the report and recommendation and that the time for doing so had expired. Id. at ECF No. 43. Luckett filed a motion for "Modification of Opinion and Order," in which he alleged that he had timely filed a motion requesting an extension of time to file objections to the report and recommendation. Id. at ECF No. 46. Judge Currie denied Luckett's motion, noting that no such motion had been filed with the court, and that the court had conducted a review of the entire record and concluded that Luckett's petition was untimely filed. Id. at ECF No. 48.

---

[1] The previous case referenced by the Amended Complaint is Luckette v. Bodison, C/A No. 0:09-1101-CMC-PJG, 2010 WL 2853901 (D.S.C. July 19, 2010) (incorporating and adopting Report and Recommendation granting summary judgment to the respondent in a habeas action). The court may take judicial notice of the content of its own files. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").



Luckett essentially seeks to have his federal habeas petition reinstated, asking the court to require the defendants to admit their wrongdoings and submit declarations and petitions to the court on his behalf. He also seeks injunctive relief and monetary damages. (Id. at 8-13.)

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     Defendants' Motion for Summary Judgment

   1.     Access to the Courts

It is well established that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Bounds, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. To state a cognizable claim for denial of meaningful access to the courts a prisoner must allege a specific, actual injury resulting from the alleged denial. Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). The Lewis Court further explained that

> the injury requirement is not satisfied by just any type of frustrated legal claim. Nearly all of the access-to-courts cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated, or habeas petitions. In Wolff v. McDonnell, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions"—i.e., actions under 42 U.S.C. § 1983 to vindicate "basic constitutional rights."

Lewis, 518 U.S. at 354 (internal citations omitted); see also Christopher v. Harbury, 536 U.S. 403, 414-15 (2002) (stating that "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong").

Specificity is required in pleading a denial of access to the courts claim. Cochran, 73 F.3d at 1317. Moreover,

> the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation. It follows, too, that when the access claim (like this one) looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

Christopher, 536 U.S. at 415.

Luckett has failed to plead the requisite actual injury necessary to sustain his case. Although Luckett suggests that the defendants' actions deprived him from timely requesting additional time in which to file objections to the report and recommendation, he has not demonstrated in any capacity that he is entitled to equitably toll the statute of limitations for filing his federal habeas petition, that his federal habeas petition was nonfrivolous, or that it was arguably meritorious. As stated above, Luckett's federal habeas petition was dismissed by the court as untimely filed. Accordingly, even taking as true the allegation that the defendants intentionally refused to mail Luckett's motion for an extension of time, Luckett suffered no actual injury because his federal

habeas petition would have been dismissed in any event. As such, Luckett's claim of an unconstitutional denial of access to the court is meritless.[2]

**2.    Other Claims**

Although Luckett also alleges that he was denied equal protection under the law and due process under the Fifth and Fourteenth Amendments, he has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Additionally, Luckett alleges that Defendant Simon's actions violated South Carolina Department of Corrections mailroom policies. However, violation of internal prison policies do not constitute constitutional violations and, therefore, are not actionable under § 1983. See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) ("Plaintiff completely misunderstands the scope of § 1983. This statute guarantees a person's *constitutional* rights against violation by state actors. It does not provide any relief against prison rules violations assuming, *arguendo*, that such a violation occurred."); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). Moreover, Defendant Brooks may not be held liable for his alleged failure to train or supervise Defendant Simon, as no actionable claim against a supervisor can exist without a constitutional violation committed by an employee. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (*per curiam*); Young v. City of Mt. Ranier, 238 F.3d 567, 579 (4th Cir. 2001) ("A section 1983 failure-to-train claim cannot be maintained against a

---

[2] The court did not construe Luckett's Amended Complaint as raising any state law causes of action. (See Order, ECF No. 37 at 1.) However, to the extent that Luckett's claims rest on negligent conduct by the defendants, the court observes that such allegations are insufficient to state a claim of denial of access to the courts. See Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (holding that negligent denial of access to the courts is not actionable under § 1983).



governmental employer in a case where there is no underlying constitutional violation by the employee.").

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment be granted. (ECF No. 91.) In light of this recommendation, the court further recommends that Luckett's motions be terminated as moot. (ECF Nos. 117, 118, & 119.)

                                                            Paige J. Gossett
                                                            UNITED STATES MAGISTRATE JUDGE

May 28, 2015
Columbia, South Carolina

        *The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).